Totten, J.,
delivered the opinion of the court.
On the 26th June, 1843, the plaintiff’s land, two hundred acres in Stewart county, was sold by the sheriff to the defendant, at fifty dollars, in virtue of several executions in favor of several creditors against the plaintiff. On the 22d February, 1845, the plaintiff proposed to redeem his land from said sale, and tendered to defendant the proper amount of money, as he alleges, for that purpose, which was refused. On the 9th July, 1843, the defendant advanced his bid by five hundred and thirty-five dollars, in addition to the fifty dollars bid at the sale, and he insists that the plaintiff should have paid or tendered this further sum, to entitle him to redeem; and this is the issue involved in the case.
The defendant was not a judgment creditor to the amount of his advanced bid; but he alleges that he was the purchaser of the several judgments on which said executions issued, and being the owner thereof, had the right to advance his bid. The act of 1842, .ch. ¡6, makes very material changes in the law, in *443 reference to the redemption of real estates. It declares in the 6th section, that real estate, made redeemable by law, may “ be redeemed by paying to the purchaser or to any one claiming under him, the amount bid or paid by him, with interest thereon, at the rate of six per cent, per annum; and it shall not be lawful for the holder of such real estate to advance on the bid or sum paid by him and keep the property: Provided, that in any case where a bona fide creditor shall become the purchaser of any real estate at execution or other sale, he may at any time within twenty days after such sale, make an advance on his bid, and credit the execution, judgment, decree or debt acknowledged by deed, with such advance ; and upon such credit being given in the manner hereinafter prescribed, he shall hold the property subject to redemption, at the price bid and such advance, in the same manner as though he had bid the whole sum at the time of said sale.” In the 9th section, it is also provided, that “ in no case shall the holder or claimant increase his bid against the debtor or any bona fide creditor, offering to redeem the real estate, except as provided in this act.”
In construing this statute, we may observe, that it is only one class of purchasers who are entitled to advance their bid; and they are bona fide creditors who may purchase “ any real estate at execution or other sale.” Such creditors may advance their bid to the extent of their debt, provided it be done within twenty days after such sale,” in the manner prescribed by the statute.
Two things are requisite to entitle the party to advance his bid; first, that he be a bonafide creditor; that is, a creditor by judgment or decree; and, second, that he be the purchaser. He may be a bona fide creditor within the meaning of the statute, if a judgment or decree be assigned to him, and he be the owner thereof at the time he makes the purchase of the land. But having made the purchase, it would not be com *444 petent for him to procure the assignment of other debts against the debtor, and to advance his bid upon them. He can only advance upon such debts as he held at the time he made the purchase; and this right is conceded to him, so that he maybe enabled to secure his debt, if it should be found that the property is a sufficient security for its payment, or for the payment of any greater sum than was bid at the sale. But having-purchased the land, he may not buy in other claims and advance upon them; as that would not answer any purpose intended by the statute, but would enable the purchaser to speculate upon the rights of both the debtor and other creditors. It is not material that the land should have been sold at the instance of the purchaser, who is also a creditor; it is sufficient to authorise him to advance his bid, that he be the purchaser and a bona fide creditor. If a creditor have the land of the debtor sold for the payment of his debt, another creditor may become the purchaser and advance upon his bid. He is strictly within the description of that class of creditors to whom this privilege is given. A creditor who may have redeemed the land, has no right to advance upon his debt, because he is not a purchaser within the meaning of the statute.
Now, in the present case, it does not distinctly appear at what time the defendant became the owner of the judgments upon which he advanced his bid. If he were in good faith the owner thereof at the time of the sale, when he became the purchaser of the land, then he had the right to advance his bid upon those judgments, but not otherwise. We are inclined to think, from the facts now before us, that he was not the owner of the judgments at that time; and if it should be the case, his advance upon them should impose no obligation cn the debtor to pay the amount, in order that he may be entitled to redeem. The amount bid at the sale, and interest thereon, would be all that the purchaser could demand.
The decree assumes that defendant had the light to make *445 the advance, but does not assume that he was the owner of the judgments at the time of the sale ; nor do we think that the facts in the case would have warranted such a conclusion. The decree dismissing the bill is, therefore, erroneous. But we think it proper, considering the indistinct character of the proof in regard to the time when the defendant became the owner of the judgments, not to decree at present for the plaintiff, but to remand the suit for further proceeding in the chancery court.
Let the decree be reversed, and the suit be remanded.